IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSIE J. STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:11-CV-1013-TMH |
| | ) [WO] |
| BILL FRANKLIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on November 29, 2011. When he filed the complaint, Plaintiff was incarcerated at the Elmore County Jail located in Wetumpka, Alabama.

On November 30, 2011, the court entered an order of procedure. The order informed Plaintiff, among other things, that all parties have an affirmative duty to inform this court of any change of address during the pendency of their actions. (*See Doc. No. 4*.) On April 12, 2012, Plaintiff's copy of a court order entered April 9, 2012, was returned to the court marked as undeliverable because he was no longer at the address he provided to the court when he filed the captioned action. Accordingly, on April 12, 2012, the court entered an order directing Plaintiff to provide the court with his present address on or before April 23, 2012. (*Doc. No. 25*.) Plaintiff was cautioned that his failure to comply with the court's April 12 order would result in a recommendation that this complaint be dismissed. (*Id.*) Plaintiff's copy of the court's April 12 order was returned to the court on April 20, 2012, marked as undeliverable.

As it appears clear that Plaintiff is no longer residing at the most recent service address he provided to the court, and that he has not provided this court with a new address for service, the undersigned concludes that dismissal of the complaint is appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and to comply with the orders of this court.

It is further

ORDERED that the parties may file any objections to the Recommendation on or before **May 18, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

DONE, this 4th day of May, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE